United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-01091 |
| FREDRICK L. BAYLES, ET AL., *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Kemper Independence Insurance Company's Motion for Summary Judgment.[1] ECF 21. The Court conducted a hearing on the record on March 24, 2025. Having considered the parties' submissions, arguments at the hearing, and the law, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be GRANTED.

**I.     Undisputed Facts**

Kemper issued Homeowner's Policy No. 1060202202, effective September 12, 2023 to September 12, 2024, to Defendants Fredrick L. Bayles and Nancy C. Bayles (the Policy). ECF 21-3. The Policy provides personal liability coverage for bodily injury and property damages to others. *Id.* at 28. Defendants previously held

---

[1] The District Court has referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF No. 13.

a policy issued by Trinity Universal Insurance Company that provided additional personal injury coverage.  ECF 21 at 17-18; ECF 21-4.

On February 24, 2024, Issac Savvas "Jack" Molho sued Fredrick and Nancy Bayles (among others) in the 458th Judicial District Court for Fort Bend County, Texas.  ECF 21-1 (*Molho v. Lucey et al.*, Civil Action No. 24-DCV-313069, the underlying state court lawsuit).  Molho's Original Petition asserts causes of action against various defendants, including the Bayles, for defamation, slander, slander per se, defamation per se, libel, tortious interference with existing business relations, and conspiracy.  *Id.* at 7.  Plaintiff Kemper filed this federal action seeking a declaratory judgment that it has no duty to defend or indemnify the Bayles Defendants in the underlying state court lawsuit. In Response, Defendants asserted a breach of the duty of good faith and fair dealing counterclaim against Kemper, based on Kemper's failure to give Defendants sufficient notice that the Policy does not provide coverage for the type of claims asserted in the underlying state court lawsuit.  ECF 12.  Kemper moves for summary judgment holding that it owes no duty to as to defend or indemnify Defendants.  Kemper has not moved for summary judgment on Defendants' counterclaim.

## II.     Legal Standards

### A. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). If the party moving for summary judgment bears the burden of proof on an issue he must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If a moving party who does not bear the burden of proof meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### B. The Eight Corners Rule

Under Texas law, the eight-corners rule governs a court's determination of an insurer's duty to defend. *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 682-83 (5th Cir. 2012). The eight-corners rule states that "the scope of an insurer's duty to defend is determined exclusively by the allegations in the pleadings and the language of the insurance policy." *Id*. The duty to defend exists if the facts alleged in the petition, taken as true, potentially assert a claim for coverage under the insurance policy. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011); *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006). On the other hand, if the

pleadings in the underlying lawsuit allege facts that preclude coverage under the policy, there is no duty to defend. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Fidelity Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)).

The Texas Supreme Court has affirmed that, in limited circumstances, courts may consider extrinsic evidence when determining the existence of a duty to defend. In *Monroe Guaranty Insurance Company v. BITCO General Insurance Corp.*, the Texas Supreme Court explained, in response to a request for certification from the Fifth Circuit, that the eight-corners rule "remains the initial inquiry to be used to determine whether a duty to defend exists." 640 S.W.3d 195, 201 (Tex. 2022) (citation omitted). However:

> [I]f the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

*Id.* at 201-02.

### III.   Analysis

Because Plaintiff has not moved for summary judgment on Defendants' counterclaim, Defendants' arguments that Kemper failed to provide sufficient notice and breached its duty of good faith have no bearing on the issues currently before

the Court. In deciding Plaintiff's Motion for Summary Judgment, the Court applies the eight corners rule and considers only: (1) the allegations contained in the state court Original Petition and (2) the relevant provisions of the Policy.

### A. The Original Petition

Molho's Original Petition alleges that First Colony Community Association (FCCA) terminated him as executive director in December 2023 after FCCA Board Members received an anonymous email directing them to visit the website www.molhojack.com. ECF 21-1 at 4. The Original Petition alleges that the website contained false information regarding Molho's past legal history and had the sole purpose of defaming him. *Id.* at 4-5. The Original Petition alleges that the Bayles Defendants, acting in concert with others, used the website to destroy Molho's reputation, harass him, and cause his termination by FCCA. *Id.* at 5-6. The Original Petition asserts causes of action for various intentional torts: defamation, slander, slander per se, defamation per se, libel, tortious interference with existing business relations, and conspiracy. *Id.* at 7. Molho seeks monetary relief in the amount of $1,000,000.00 in compensatory damages and $2,000,000.00 in exemplary damages. *Id.* The Original Petition alleges professional and reputational harm; it does not allege any bodily injury, damage to physical property, or seek recovery for any medical expenses. *See* ECF 21-1.

### A. The Policy

The Policy contains the following relevant provisions:

### DEFINITIONS

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

**B.** In addition, certain words and phrases are defined as follows:

\* \* \*

2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\* \* \*

5. "Insured" means:

   a. You and residents of your household who are:
   (1) Your relatives; or
   (2) Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

\* \* \*

8. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   a. "Bodily injury"; or
   b. "Property damage".

9. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

ECF 21-3 at 14.

## SECTION II – LIABILITY COVERAGES

### A. Coverage E – Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

*Id.* at 28.

### SECTION II – EXCLUSIONS

*   *   *

### E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others

Coverages **E** and **F** do not apply to the following:

### 1. Expected Or Intended Injury

"Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

a. Is of a different kind, quality or degree than initially expected or intended; or

> b. Is sustained by a different person, entity or property than initially expected or intended.

*Id.* at 28, 30.

### C. Application of the Eight Corners Rule

The allegations of the Original Petition and the language of the Policy make it clear that the Policy does not cover any loss the Defendants may incur in the underlying state court lawsuit. Molho's state court lawsuit not allege "bodily injury" or "property damage" due to an "occurrence" as those terms are defined in the Policy. Further, Molho's Original Petition alleges intentional conduct by Defendants, and therefore coverage is excluded under Section II.E.1 of the Policy. Moreover, *Monroe* does not apply because Defendants have presented no evidence that (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved. 640 S.W.3d 195, 201. Application of the eight corners rule in this case requires the conclusion that Plaintiff has no duty to defend Defendants in the underlying state court lawsuit.

### D. Duty to Indemnify

Under Texas law, the duty to defend and the duty to indemnify "are distinct and separate duties." *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 741 (Tex. 2009) (quoting *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d

9

198, 203 (Tex.2004) (quoting *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex.2002))). The duty to indemnify is controlled by the "facts actually established in the underlying suit." *Id.* (quoting *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 656 (Tex.2009)). Therefore, a court cannot merely assume that the duty to indemnify cannot exist in the absence of a duty to defend. *Liberty Mut. Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 535 (5th Cir. 2023). However, the Texas Supreme Court held in *Farmers Texas Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) that:

> [T]the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*.

(emphasis in original). This case fits squarely into the situation described by the Supreme Court in *Griffin*. Given the language of the Policy limiting the scope of personal liability coverage and the exclusion for intentional acts, there are no facts at issue in the underlying state court lawsuit that could result in Plaintiff having a duty to indemnify Defendants. Plaintiff is entitled to a judgment declaring it has no duty to indemnity Defendants for any loss they may incur as a result of the state court lawsuit.

### IV.   Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's

Motion for Summary Judgment (ECF 21) be GRANTED and a Declaratory Judgment be entered declaring that Plaintiff has no duty to defend or indemnify Defendants in the underlying state court lawsuit, *Molho v. Lucey et al.*, Civil Action No. 24-DCV-313069.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 28, 2025, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge